IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE DANIEL MARTINEZ-MARTINEZ,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:08CV648 DAK |

　　　　This matter is before the court on pro se Petitioner Jose Daniel Martinez-Martinez's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Petitioner was sentenced on September 7, 2005 to a 120-month term of confinement.  This Petition is denied for a variety of reasons.

　　　　First, the very issue that Petitioner raises in his 2255 Petition has already been considered and rejected on direct appeal, and therefore Petitioner may not raise this issue under § 2255.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

　　　　Next, Petitioner waived his right to challenge his sentence in his Statement in Advance of Plea.  Petitioner's Statement in Advance of Plea states that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is

determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Petitioner signed the Statement in Advance of Plea and acknowledged that he understood its contents. Thus, Petitioner has no right to challenge his sentence.

 Finally, even if the court considered the merits of the Petition, the court would deny it in any event.  The court made every attempt to sentence Petitioner to 46 months, but Petitioner rejected that sentence.  At his sentencing hearing, Petitioner was originally sentenced to 46 months, but he then took certain actions that disqualified him for the 5C1.2 safety valve provision that had made such a sentence possible.  The court explained that the retraction of his statements would result in a 120-month sentence.  The following discussion, among others, took place:

 THE COURT:  Well, all right.  So if he's going [to] deny that he was debriefed and he didn't say those things, then he's not going to get the safety valve.  If that's what he wants, that's what he wants.  I'll be happy to oblige.  Do you understand that, if you're retracting your statement, that I'm going to give you 120 months instead of 46?  Do you understand that?

 MR. MARTINEZ-MARTINEZ:  Well, there's nothing I can do.  I'm not going to lie.

 THE COURT:  All right.  I'm not going to give him the safety valve.  He claims he doesn't qualify for it, so the sentence will be 120 months, instead of 46, which is the minimum mandatory under the statute.

 There is simply no basis for setting aside or reducing Petitioner's sentence.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED. This case is now closed.

DATED this 2nd day of October, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge